UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHEZ WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-481 |
| | ) | |
| v. | ) | Honorable Wendell A. Miles |
| | ) | |
| YVONN ROSE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.    Factual Allegations

Plaintiff is incarcerated in the Richard A. Handlon Correctional Facility. In his *pro se* complaint, he sues the law librarian, Yvonn Rose. Plaintiff claims that he was only given access to the law library for two to four hours per week. Plaintiff claims that under Michigan Department of Corrections (MDOC) policy, he is entitled to spend six hours per week in the law library. Because he did not have adequate time in the law library, Plaintiff alleges that he "was not able to make his deadline in the United States Court of Appeals." For relief, Plaintiff seeks an order reopening his appeal and requiring the prison to "follow policy next time."

II.    Failure to State a Claim[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

---

[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). Plaintiff states that he filed a grievance and pursued it through Step III of the prison grievance process. Therefore, it appears that Plaintiff satisfied the exhaustion requirement. Even if Plaintiff failed to properly exhaust, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998).

While it is well established that prisoners have a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977), there is no constitutional right to any particular number of hours in the law library. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985); *Thomas v. Campbell*, No. 00-6377, 12 Fed. App'x 295, 297 (6th Cir. 2001). Rather, to state a claim for denial of access to the courts, a plaintiff must plead and prove actual injury to existing or contemplated litigation of nonfrivolous claims which challenge the plaintiff's sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 349, 354-55 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992).

In this case, Plaintiff claims that he missed a deadline in the United States Court of Appeals as the result of his limited access to the law library. Plaintiff appears to be referring to the appeal from the dismissal of his habeas corpus action in the Eastern District of Michigan. Plaintiff's habeas action was dismissed by the district court on October 5, 2004. *See Williams v. Renico*, No. 4:03-cv-40046 (E.D. Mich.). Petitioner filed a notice of appeal. The district court issued an order on October 28, 2004, requiring Plaintiff to pay the $255.00 appellate filing fee or to apply to proceed *in forma pauperis* within thirty days of the court's order. On March 9, 2005, the Court of Appeals for the Sixth Circuit dismissed Petitioner's appeal for failure to pay the fee by November 27, 2004. *See Williams v. Renico*, No. 04-2398 (6th Cir.). Access to a law library is not necessary to pay a filing fee. Even if Plaintiff was unable to pay the fee, access to the law library for two to four hours per week was more than sufficient to prepare the documents necessary to apply to proceed *in forma pauperis* in his appeal. Plaintiff, therefore, cannot attribute the dismissal of his appeal to his limited access to the law library.

Moreover, § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

A state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). Accordingly, Defendant Rose's alleged failure to comply with Department policy by providing Plaintiff with two to four hours per week of library time does not rise to the level of a constitutional violation. Accordingly, Plaintiff fails to state a claim upon which relief may be granted.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Date:  September 30, 2005               /s/ Robert Holmes Bell
                                        Robert Holmes Bell
                                        Chief United States District Judge
                                        for
                                        Wendell A. Miles
                                        Senior United States District Judge